CARROLL v. UNION RY. OF NEW YORK CITY.

(Supreme Court, Appellate Term.   December 11, 1906.)

MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTS IN APPLIANCES.
    Where a servant of a street railroad company was engaged in changing a sign on a car, and the loosening of a band, intended only to hold the sign and not to support a person, caused his fall, the company is not liable.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 215.]

Appeal from City Court of New York, Trial Term.

Action by Peter Carroll against the Union Railway of New York City. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Bayard H. Ames and Walter Henry Wood, for appellant.
Arthur W. Birkins, for respondent.

FITZGERALD, J. In order to thoroughly understand the precise question of negligence submitted to the jury in this case, an explanation of the act plaintiff was engaged in must be given in detail. It appears that what may be called "designation blocks," attached to the roof, are used upon the front and rear of defendant's cars. Each of these blocks has four sides, and upon each side is printed the particular route upon which the car is to travel for a given trip. This block is a revolving one, and as the route is changed the block is turned by means of a handle that ordinarily may be worked from the platform. On the day in question a conductor in defendant's employ for over a year was told by the starter to go to the barn and get from the foreman a car for the "Boulevard" route. The foreman directed him to a box car that stood over a repair pit six feet deep. These repair pits are under the tracks in the depot, and cars are run over them so that the inspectors may be easily afforded an opportunity of examination from underneath. Plaintiff found, upon trying the handles, that the block machines at both ends of the roof were out of order and could not be worked from the platforms. He then returned to the starter and told him so. The starter pointed to two slats in the office, with the word "Boulevard" upon them, and said: "Take those two signs, and go back and put them in, and go down the road."

The manner in which plaintiff undertook to do this work was, to some extent at least, the customary way of doing it, as he testified "he had frequently done it before." He climbed on the dashboard, rested his weight upon the roof of the car until he got near enough to reach the sign, and then endeavored to place the slat under the band which held the frame. He then found that this band was out of order and that he could not get his sign under it. "He worked carefully, and put the band back in its place, and started again to put the sign in, when the band came off." The coming off of the band is claimed to have been the producing cause of plaintiff's fall. The averment of negligence is that defendant "failed to provide plaintiff with a good, safe, and secure car, and with good, adequate, safe, secure, and suitable machinery, appliances, attachments, and apparatus, and a good, safe, and secure place for plaintiff to work." The learned trial court withdrew from the jury the consideration of the method by which the work was done, holding that the plaintiff, in going upon the dashboard and thus exposing himself to danger in attempting to put on the slats, was without remedy, for the reason that it was putting himself in a position of observable danger and a consequent assumption of the risks.

The only proposition thus left to be decided upon the facts was: Did the coming off of the band establish the negligence of the defendant? Was there a material defect in the way in which the band was

fastened, and, if so, was it such a defect as a reasonable inspection would have disclosed? The purpose of the band was to hold the slats or signs, and it cannot be inferred ipso facto, in the absence of all evidence, that in getting upon the dashboard plaintiff was induced to rely to any extent upon it for support. The mere happening of the occurrence is not proof of liability. We have examined the record with great care to find what established facts would warrant the inference that defendant might by reasonable precaution have discovered in advance any defects in the band or its fastenings, and we are unable to find any. But, exclusive of all this, when we consider that the band was used only for the purpose of keeping the sign in place, was not its breaking immaterial? Plaintiff was manipulating this band, so as to get the slat under it; and is not the reasonable solution of his own testimony upon this point that for some unexplained reason he lost his balance, and in falling tore off the band, which under no circumstances could have been expected to resist the strain of his weight?

In Kremer v. N. Y. Edison Co., 102 App. Div. 433, 92 N. Y. Supp. 883, it was held that the absence of an automatic circuit breaker, which might have prevented a current of high voltage from being turned into a circuit, was sufficient to hold the master, and this case is cited by respondent as supporting his contention. The current was turned on by a fellow servant, and the failure of the master to guard against such reasonably to be apprehended dangers when dealing with such a subtle and deadly force as electricity was held to be a failure of a duty upon his part. Circumstances very different from those detailed in this record. In Miller v. N. Y. Central R. R., 99 N. Y. 657, a brakeman in attempting to climb on a freight car by means of an iron rung, which was defective, was injured, and defendant was held responsible. The purpose for which the rung was being used was the purpose for which it was placed there. That surely is wide apart from this case. The same may be said of Van Tassell v. Railroad Co., 1 Misc. Rep. 299, 20 N. Y. Supp. 708, affirmed 142 N. Y. 634, 37 N. E. 566, and Gottlieb v. Railway Co., 100 N. Y. 462, 3 N. E. 344. All the authorities cited upon the argument and in respondent's brief have been carefully considered and are all clearly distinguishable.

It is unnecessary to review the various exceptions taken to rulings upon evidence, as, for the reasons stated, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.